IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FILED

| | |
|---|---|
| DAWN J. VICIAN and GLENN S. VICIAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, INC. and Doe Insurance Co., whose true corporate name is unknown,<br><br>      Defendants. | CAUSE NO:<br>2:05CV144PL<br><br>JURY DEMAND |

### CLASS ACTION COMPLAINT

Comes now, plaintiffs, by counsel and for their cause of action against the defendant, Wells Fargo Home Mortgage Inc. ("Wells Fargo" hereafter), state as follows:

### I. INTRODUCTION

1. Plaintiffs bring this class action on behalf of themselves and a nationwide class of similarly situated individuals (the "Class") as described hereafter.

2. Wells Fargo has engaged in a nationwide scheme of illegal, unfair, unlawful, and deceptive business practices that violate both federal and state law in the servicing of home-secured loan transactions and in the provision of certain related services. Said scheme is carried out by means of a centrally controlled set of policies and practices and is implemented with form documents, form notices and uniform accounting mechanisms.

1

3. Wells Fargo routinely seeks to collect and does collect various improper fees, excessive insurance premiums, costs and charges, including unnecessary forced place hazard insurance premiums, excess interest charges on such hazard insurance premiums, escrow account overcharges, and other fees that are either not legally due under the mortgage contract or applicable law, or that are in excess of amounts legally due.

4. The improper charges and excessive insurance premiums are then collected from borrowers' monthly payments and in other contexts, such as reinstatement agreements, and loan payoffs.

5. Plaintiffs assert that Wells Fargo has engaged in a regular pattern of violations of the federal law requirements imposed by the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), with respect to responding to request from borrowers for account information, provision of required notices, and application of payments and the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), with respect to information provided about variable rate loans.

6. Plaintiffs also allege that Wells Fargo's practices are misleading, deceptive and unfair under state law including, without limitation , Ill. Code 720 ILCS 5/17-1(b), *et seq.*

7. Said practices also violate the contract law and common law in each state where Wells Fargo does business.

8. Finally, Plaintiffs seek injunctive relief to prevent recurrence of the challenged conduct, and to assure uniform standards of future servicing of loans and equitable relief and damages for themselves and the class generally, including restitution and disgorgement of funds obtained by the Defendant in violation of state and federal law.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' federal claims under RESPA and TILA pursuant to 28 U.S.C. §§ 1331, 1343 and 15 U.S.C. §§ 1692k, 2614, 1640(e). The Court had jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

### A. PLAINTIFFS

11. Plaintiff Vician is a resident of Valparaiso, Indiana whose home-secured loan was serviced by Defendant during the period covered by this class action, which condominium is located at 3100 N. Lakeshore Drive, Unit 1208-09, Chicago, Illinois ("Condominium Project" hereafter).

### B. DEFENDANT

12. Defendant Wells Fargo is a Delaware based corporation, with a principal place of business at Des Moines, Iowa.

## IV. PLAINTIFFS' ALLEGATIONS

13. On March 24, 2003, the plaintiffs executed a certain promissory note and mortgage with Equity Mortgage Corporation, under the terms of which plaintiffs borrowed the sum of $140,000 to purchase a certain condominium unit in The Darien Condominium, 3100 N. Lakeshore Drive, Unit 1208-09, Chicago, Illinois; that a true copy of such promissory note and real estate mortgage are attached hereto as Exhibits "A" and "B", respectively, and are made a part hereof.

3

14. On March 24, 2003, the plaintiffs further executed a Condominium Rider related to such mortgage, which Rider was deemed to amend and supplement said real estate mortgage granted to Equity Mortgage Corporation; that a true and complete copy of such Condominium Rider is attached hereto as Exhibit "C", incorporated by reference herein and made a part hereof.

15. The Condominium Rider executed by plaintiffs included the following terms and conditions relating to property insurance, to-wit:

    B. Property Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

    These terms established that the mortgage holder had no legal right to force place fire and hazard insurance on the subject property during the period of time when the plaintiffs' Owners Association maintained such insurance coverage on the Condominium Project.

16. Subsequent to March 24, 2003, the plaintiffs' Note, Mortgage and Condominium Rider were assigned and transferred from Equity Mortgage Corporation to Wells Fargo, and Wells Fargo took over all mortgage loan servicing relating to such loan.

17. That at all times from March 24, 2003, to the date of the filing of this complaint, The Darien Condominium, as the Owners Association of such condominium building, maintained full and complete fire, hazard and liability insurance coverage on such condominium building, which insurance policy provided full and complete coverage of plaintiffs condominium unit.

18. Wells Fargo had full and complete knowledge of the fact that plaintiffs did not own the full condominium building and that The Darien Condominium was the Owners Association that managed and controlled such condominium building and that was responsible for providing fire, hazard and liability insurance coverage on the subject condominium building.

19. Wells Fargo had further knowledge, as a sophisticated institutional mortgage lender, that plaintiffs never had an "insurable interest" in the subject condominium building, and therefore, plaintiffs were unable to obtain fire, hazard and liability insurance coverage on the subject condominium building.

20. On or about December 29, 2004, Wells Fargo breached the terms and conditions of such mortgage and Condominium Rider by force placing certain insurance coverage on plaintiffs condominium unit and by charging plaintiffs' mortgage account in the sum of $7,550.00, and in thereafter increasing plaintiffs' mortgage payment to recover such excessive forced placed insurance premium.

21. Plaintiffs were sent a notice to their residence in Valparaiso, Indiana, whereby Wells Fargo sought collection of such excessive forced place insurance premium.

22. Plaintiffs have been in full and complete compliance with all terms and conditions of their Note, mortgage and Condominium Rider, and have further provided contents insurance as to the property in their condominium unit.

23. Wells Fargo and "Doe" Insurance Co. have caused plaintiffs damages and injuries by reason of its illicit and unilateral conduct in force placing insurance on the subject condominium building and in charging extremely excessive insurance premiums relating to such forced placed insurance, which premium greatly exceeded the actual

cost of providing insurance coverage on Wells Fargo's insurable interest on the Plaintiffs' condominium unit, and breach the terms of Plaintiffs' mortgage contract.

24. Plaintiffs believe Wells Fargo and "Doe" Insurance Co. have further illicitly profited from such forced placed insurance premiums added to plaintiffs mortgage account, and Wells Fargo has failed and refused to remove such excessive forced placed insurance charges, and any finance charges associated with such forced placed insurance premiums, causing further damages to plaintiffs and resulting in a breach of the terms of plaintiffs mortgage and Condominium Rider.

25. Plaintiffs made a written demand on Wells Fargo to cure the excessive forced placed insurance charges, which Wells Fargo has failed to respond to or correct.

WHEREFORE, plaintiffs respectfully seek judgment in this case for defendants' actions, including their actual damages, interest, punitive damages and attorney fees, for their costs in this action, and for all other appropriate relief.

## V. PLAINTIFFS' CLASS ACTION ALLEGATIONS

26. The above-mentioned Plaintiffs bring this action on behalf of themselves and all persons whose mortgage loans were serviced by Wells Fargo on or after April 1999, and

(a) whose loans were subject to charges or assessments for forced placed insurance obtained or placed by Wells Fargo; or

(b) who were affected by finance charges assessed in relation to such forced placed insurance; or

(c) who otherwise were affected, or whose loans were otherwise affected, by one of the additional practices that are the subject of this complaint.

6

27. For the purposes of paragraph 13(b), the term "additional practices that are the subject of this complaint" means:

   a. Assessment of excess or improper forced placed hazard insurance premiums;

   b. Payment of assessment of excess interest on forced placed insurance despite a valid and timely paid insurance coverage on such collateral.

28. Plaintiffs seek class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(1),(2), and (3).

29. The members of the Class are so numerous that joinder of all members in impracticable. The number of Class members nationwide, ascertainable from records maintained by Defendants and their agents, is believed to be approximately 100 or more persons.

30. Common questions of law and fact exist as to all members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Wells Fargo has sought and collected fees and charges not authorized by the loan contract or not legally due and owing;

   b. Whether Wells Fargo has sought and collected excessive interest related to the cost of financing excessive forced placed insurance premiums;

   c. Whether Wells Fargo charged borrowers for unnecessary force placed insurance, and collected excessive amounts for force placed insurance, premiums for which it received an improper payment from the insurer;

   d. Whether Wells Fargo has sent collection notices seeking to collect amounts not legally due and owing;

   e. Whether Wells Fargo's collection notices threaten action which is not intended to be taken or cannot legally be taken;

7

    f.    Whether Wells Fargo had engaged in other systematic improper collection practices in violation of the FDCPA;

    g.    Whether Wells Fargo routinely failed to respond to borrower's qualified written request for account information as required by RESPA;

    h.    Whether Wells Fargo systematically failed to properly manage borrower's accounts.

31. Plaintiffs' claims are based on loan documents, standardized servicing practices, form letters, accounting standards and improper fee schedules that were used or implemented by the defendant on a nationwide basis.

32. Wells Fargo controlled and implemented the challenged practices on a uniform basis from its central offices.

33. There are no substantial individual questions among the class claims, other than the amount of relief that each Class member is entitled to receive. Common questions thus predominate.

34. Plaintiffs' claims are typical of the claims of the members of the Class, as Plaintiffs and all other members of the Class sustained harm arising out of Defendant's common course of wrongful conduct. Plaintiffs are greatly aggrieved at the damages and unfair and deceptive treatment they have suffered at Defendant's hands.

35. Plaintiffs are adequate representatives of the borrowers whom they seek to represent. There are no conflicts between them and other Class members.

36. Plaintiffs have suffered the same wrongs as Class members generally and are intent on seeing such wrongs remedied. They are fully committed to fairly, adequately, and vigorously representing and protecting the interests of the members of the Class. They have retained counsel competent and experienced in class action and consumer fraud litigation for this purpose.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Wells Fargo within the meaning of Rule 23(b)(1)(A).

38. Wells Fargo has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole within the meaning of Rule 23(b)(2).

39. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members within the meaning of Rule 23(b)(3).

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3) because joinder of all members in impracticable, and pursuing class members' claims on an individual basis would be both prohibitively expensive for most class members and inefficient from the standpoint of the judicial system. Plaintiffs know of no serious difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

41. Wells Fargo engages in uniform scheme and course of conduct to inflate its corporate profits by force-placing hazard insurance on properties which secure the mortgages that it services. If a borrower fails to purchase or maintain hazard insurance on his or her property, according to standard mortgage instruments, the mortgagee can "force place," or purchase insurance itself to protect the mortgagee's rights in the property, then pass the costs on to the borrower. Wells Fargo, however, routinely force places insurance unnecessarily where the borrower actually has insurance in place.

42. Wells Fargo also routinely obtains coverage in amounts which far exceed the mortgagor's obligation to maintain coverage to protect the lender's lien interest as provided by the commitment letter, note or mortgage instrument, and imposes unauthorized insurance fees on borrowers. Wells Fargo receives a profit or kickback from the insurance company from who it purchases insurance.

43. Wells Fargo regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

44. Wells Fargo routinely fails to respond to borrowers' written disputes or requests for information made pursuant to RESPA and other laws; fails to notify borrowers that it has force placed insurance, that it has imposed fees and finance charges; fails to provide accurate variable rate disclosures because its imposition of improper fees renders its disclosures inaccurate; and otherwise fails to provide accurate or timely information to borrowers concerning their accounts.

45. Wells Fargo engages in these acts and omissions along and in concert with or through others, including without limitation its attorneys, agents, investors, vendors, shareholders, and other persons and entities.

## FEDERAL CLAIMS

### Count I: Violations of RESPA

46. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint..

47. Wells Fargo violated RESPA by the following conduct:

    a. failing to meet the requirements of 12 U.S.C. § 2605 regarding transfer of servicing and responding to qualified written requests;

    b. failing to meet the requirements of 12 U.S.C. § 2609 regarding escrow account statements, collection of escrow and notification of shortage in escrow account.

48. Plaintiffs and members of the Class are entitled to relief under the RESPA, including damages and a declaratory judgment that Wells Fargo's conduct violates RESPA.

### Count II: Violations of TILA

49. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in rhetorical paragraphs 1 to 45 above.

50. Thousands of notes and mortgages serviced by Wells Fargo are adjustable rate mortgages, subject to the disclosure requirements of Reg. Z, 12 C.F.R. § 226.20(c) for variable rate adjustments.

51. Pursuant to 12 C.F.R. § 226.20(c), Wells Fargo is required to include in its variable rate adjustment disclosure a statement of the loan balance. 12 C.F.R. § 226.20(c)(4).

52. As a result of the imposition of unauthorized or inflated charges, Wells Fargo failed to accurately disclose the loan balance. Wells Fargo's disclosures state a loan balance that is higher that it would have been but for Wells Fargo's intentional improper charges.

53. Plaintiffs and members of the Class have been damaged by such violations, in that they have been charged improper fees or charges for excessive forced placed insurance, and in that they have either paid such fees or had their property encumbered by such fees.

54. Plaintiffs and members of the Class are entitled to relief under TILA, including damages and a declaratory judgment that Wells Fargo's conduct violates TILA.

## STATE LAW CLAIMS

### Count III: Unfair and Deceptive Acts and Practices In Violation of State Laws

55. Plaintiffs hereby incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint.

56. Wells Fargo has engaged in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

   a. Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

   b. Assessing the escrow accounts of Class members for amounts not authorized by the uniform contractual documents;

   c. Charging borrowers for unnecessary force placed insurance, and collecting excessive amounts for forced place insurance premiums for which it received a kickback;

   d. Failing to properly administer customer accounts, including, without limitation, escrow accounts, suspense accounts, corporate advance accounts, and principal and interest obligations; and

   e. Engaging in conduct that violates state and federal consumer protections laws.

57. Plaintiffs believe each state where Wells Fargo does business has a law that prohibits Unfair and Deceptive Acts and Practices ("UDAP").

58. The conduct described in the previous paragraph of this complaint violates these various state UDAP laws, including without limitation, Illinois Code 720 ILCS 5/17-1, *et seq*.

59. Plaintiffs and members of the Class have suffered damage by virtue of one or more of these unfair and/or deceptive practices.

60. Plaintiffs and the Class are entitled to relief for Wells Fargo unfair and/or deceptive practices.

## Count IV: Breach of Contract

61. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint.

62. Wells Fargo services loans evidenced by standard form notes, mortgages, and Condominium Riders, the relevant provisions of which are uniform.

63. Wells Fargo has imposed or collected amounts that are not due and owing by contract including, without limitation, interest, charged on excessive forced placed insurance premiums, and default-related fees, costs and charges.

64. Wells Fargo had misappplied or failed to apply payments, or imposed finance charges and other charges not due, all in breach of its contract with Plaintiffs and members of the Class.

12

65. Wells Fargo has breached its contracts with the Plaintiffs and members of the Class.

66. Plaintiffs and Class members are entitled to relief for breach of contract.

### Count V: Intentional Misrepresentation

67. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact.

68. Wells Fargo has represented to the Plaintiffs that Wells Fargo is entitled to collect various loan charges that were not legally due and owing.

69. Wells Fargo's representations concerning the right to collect such fees and charges were false.

70. Wells Fargo knew or should have known that such representations were false.

71. Plaintiffs relied on Wells Fargo's false representations concerning its entitlement to collect such fees and charges and Plaintiffs did pay such fees and charges to their detriment.

72. Plaintiffs' reliance was reasonable or justifiable in the circumstances.

73. Plaintiffs have suffered damages.

74. Plaintiffs and Class members are entitled to relief for misrepresentation.

### Count VI: Negligence/Negligent Servicing

75. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint.

76. Wells Fargo owed Plaintiffs and Class members a duty of care with respect to servicing their mortgage loans for reasons including, without limitation, that those loans were secured by an interest in each homeowners' residence and that lack of care would result in overpayments causing great economic hardship.

77. The duty of care required reasonable diligence, *inter alia*,

    a. to avoid incurring unnecessary charges for property insurance;

    b. to make payments due from funds being held in the borrowers' escrow accounts in a timely fashion; and

    c. to correctly calculate prepayment penalties due under applicable law.

78. Wells Fargo's conduct with respect to Plaintiffs and Class members was far below applicable standards for mortgage loan servicing.

79. Wells Fargo's conduct was negligent with respect to Plaintiffs and Class members.

80. Wells Fargo's conduct was the proximate cause of damages to Plaintiffs and Class members.

81. Plaintiffs and the Class members are entitled to relief for Wells Fargo's negligence.

### Count VII: Breach of Fiduciary Duty

82. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact.

83. Wells Fargo assumed fiduciary duties with respect to the servicing of mortgage loans and monies it held or charged in escrow for Plaintiffs and each Class member.

84. Wells Fargo breached its fiduciary duties charging excessive forced placed insurance premiums to the escrow accounts of the class members.

85. Wells Fargo breached its fiduciary duties by charging finance charges on such excessive forced placed insurance premiums.

86. Plaintiffs and each member of the Class were damaged by Wells Fargo's breach of fiduciary duties.

87. Plaintiffs and the members of the Class are entitled to relief for Wells Fargo's breach.

### Count VIII: Breach of Duty of Good Faith and Fair Dealing

88. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint..

89. Each State or Commonwealth were Wells Fargo does business recognized a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

90. Wells Fargo's conduct as aforesaid breaches said duty.

91. Plaintiffs and members of the Class are entitled to relief for Wells Fargo breach.

### Count IX: Unjust Enrichment

92. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint.

93. Wells Fargo has engaged in unlawful collection activities.

94. Wells Fargo has collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit Wells Fargo to collect such fees and charges.

95. Said conduct sounds in equity under the common law of unjust enrichment or money had and received and constructive trust.

96. Wells Fargo has been unjustly enriched by its conduct.

97. Plaintiffs and Class members have suffered loss by virtue of Wells Fargo's conduct.

98. Plaintiffs and members of the Class are entitled to relief for unjust enrichment.

### Count X: Declaratory and Injunctive Relief

99. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact set out in this Class Action Complaint.

100. Wells Fargo has engaged in and continues to engage in conduct that has a great probability of causing substantial and irreparable harm

101. Members of the Class are entitled to declaratory relief that Wells Fargo's conduct is unlawful.

102. Members of the Class are entitled to injunctive relief necessary to insure that such conduct will not continue into the future, and to provide uniform standards of conduct for servicing Class members' mortgage loans.

## PRAYER FOR RELIEF

Wherefore Plaintiffs request that this court certify a class pursuant to Fed. R. Civ. P. 23(b)(1), (2) and/or (3) and award:

1. Actual, special, and general damages according to proof;
2. Statutory damages and penalties;
3. Restitution and disgorgement according to proof;
4. Injunctive relief against Defendant to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;
5. Prejudgment interest at the maximum legal rate;
6. Punitive, exemplary and enhanced damages according to proof;
7. An accounting;
8. Declaratory Judgment as necessary to correct the wrongs inflicted on them;
9. Litigation Expenses and Costs of the proceedings herein;
10. Reasonable attorneys' fees; and
11. All other and further relief as the Court deems just.

Respectfully submitted,

By: *[signature]*

Robert E. Stochel
HOFFMAN & STOCHEL
One Professional Center, Suite 308
Crown Point, IN 46307
(219) 662-0165

## JURY DEMAND

Plaintiffs pray for trial by jury herein.

*[signature]*

Robert E. Stochel
HOFFMAN & STOCHEL
One Professional Center, Suite 308
Crown Point, IN 46307
(219) 662-0165