# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| DAWN J. VICIAN and GLENN S. VICIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., and DOE INSURANCE, whose true corporate name is unknown,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   NO. 2:05-CV-144 |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiffs' Class Action Complaint or, Alternatively, for a More Definite Statement, and to Strike Class Allegations, filed by Defendant, Wells Fargo Home Mortgage, Inc., on June 30, 2005. For the reasons set forth below, Defendant's motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**. To the extent that Defendant seeks to dismiss Counts V, VI, and VIII, Defendant's motion is **GRANTED**. With respect to all other counts, Defendant's motion is **DENIED**. Defendant's Motion for a More Definite Statement is **DENIED**.

Defendant's Motion to Strike is **DENIED.**

The Clerk is **ORDERED** to **DISMISS** Counts V, VI, and VIII of Plaintiffs' complaint.

BACKGROUND

On April 19, 2005, Plaintiffs, Dawn J. Vician and Glenn S. Vician, filed a class action complaint seeking various legal and equitable remedies against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Doe Insurance Co., whose true corporate name is unknown.

According to the allegations in the complaint, Plaintiffs executed a promissory note, a mortgage and a condominium rider with Equity Mortgage Corporation to purchase a condominium in Chicago, Illinois. (Compl. ¶¶ 13-14.) The terms of the rider established that the mortgage holder had no right to force-place fire and hazard insurance on the subject property while the condominium homeowners association maintained such insurance coverage. (Compl. ¶ 15.) At all times relevant, the condominium homeowners association did, in fact, maintain such insurance coverage. (Compl. ¶ 17.) Subsequently, the note, mortgage and rider were assigned and transferred from Equity to Wells Fargo. (Compl. ¶ 16.) In December 2004, Wells Fargo force-placed certain insurance coverage on Plaintiffs' condominium and also increased Plaintiffs' mortgage payment based on this insurance. (Compl. ¶ 20.)

Plaintiffs allege that Wells Fargo breached the terms and

-2-

conditions of Plaintiffs' mortgage and condominium rider by force-placing certain insurance coverage on Plaintiffs' condominium and charging Plaintiffs' mortgage account for such coverage when Wells Fargo knew that the condominium was already covered by insurance provided by the condominium Owner's Association.  (Compl. ¶¶ 18, 20.) Plaintiffs further allege that they have made a written demand on Wells Fargo to cure the breach, to which Wells Fargo has failed to respond.  (Compl. ¶ 25.)

Plaintiffs have brought federal law claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2609, and the regulations promulgated under the Truth in Lending Act ("TILA"), 12 C.F.R. § 226.20.  In Count I, Plaintiffs allege that Wells Fargo has violated RESPA by failing to meet RESPA's requirements concerning responses to qualified written requests and management of escrow accounts.  In Count II, Plaintiffs state that as a result of the force-placed insurance charges being added to their mortgage loan balance, Wells Fargo has violated TILA by failing to accurately disclose loan balances.

Plaintiffs have also brought various state law claims.  In Count III, Plaintiffs claim that Wells Fargo has violated Unfair and Deceptive Act and Practices ("UDAP") laws in Illinois by, among other things, charging Plaintiffs for unnecessary and unauthorized force-placed insurance premiums.  Count IV alleges that Wells Fargo breached its contracts with Plaintiffs by imposing or collecting amounts not

due under the contracts, including charges for force-placed insurance premiums.  Plaintiffs allege intentional misrepresentation in Count V, stating that Wells Fargo knowingly made false representations concerning loan charges.  In Count VI, Plaintiffs allege that Wells Fargo negligently serviced their mortgage loan.  In Count VII, Plaintiffs allege that Wells Fargo breached its fiduciary duty by placing charges for force-placed insurance on Plaintiffs' account. Count VIII alleges that Wells Fargo breached its duty of good faith with respect to contractual relations with Plaintiffs.  Plaintiffs allege that they are entitled to relief for unjust enrichment in Count IX because Wells Fargo has collected money to which it was not entitled.  Finally, Plaintiffs allege that they are entitled to declaratory relief and injunctive relief in Count X.

On June 30, 2005, Wells Fargo filed the instant motion pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f).  Wells Fargo argues that Plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to allege well-pleaded facts to support any of Plaintiffs' claims.  Alternatively, Wells Fargo argues that Plaintiffs should be required to file a more definite statement of their claims pursuant to Rule 12(e) because they are vague and confusing.  Wells Fargo also argues that Plaintiffs' class allegations should be stricken from the complaint pursuant to Rule 12(f) because they are factually and legally insufficient.

-4-

DISCUSSION

Motion to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Bd. of Educ. of Lockport*, 699 F. Supp. 1283, 1285 (N.D. Ill. 1988). If, when viewed in light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the Court must dismiss the case. FED. R. CIV. P. 12(b)(6); *Gomez v. Ill. St. Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, the plaintiff need not identify the correct legal theory to survive a 12(b)(6) motion. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has stated that Rule 8(a) means what it says: "[T]he Federal Rules of Civil Procedure do not require a

-5-

claimant to set out in detail the facts upon which he bases his claim.

To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957). A plaintiff need not set forth in detail the evidence which, if true, would show that the plaintiff ought to prevail. *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985). With these legal principles in mind, the Court turns to Plaintiffs' 12(b)(6) motion.

In its motion to dismiss, Defendant argues that Plaintiffs have failed to plead facts in their complaint which give rise to any of their claims. Plaintiffs cite to paragraphs in their complaint which allege that Wells Fargo force-placed insurance on their condominium unit in violation of the mortgage and Condominium Rider agreements. They argue that this fact is the basis for each of their claims against Wells Fargo. Plaintiffs' individual claims will be addressed in turn below.

RESPA Claim

Wells Fargo first argues that Plaintiffs have failed to state a claim under sections 2605 and 2609 of RESPA. RESPA establishes certain duties for servicers of federally related mortgage loans when

they receive qualified written requests from a borrower.  12 U.S.C. § 2605(e).  A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower and contains a statement of the reasons for borrower's belief that the account is in error.  12 U.S.C. § 2605(e)(1)(B).  The servicer must provide a written response acknowledging receipt of the borrower's qualified written response within twenty days of such receipt.  *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 812 (N.D. Ill. 2001) (citing 12 U.S.C. § 2605(e)(1)(A)).  The servicer must also do one of three things within sixty days of receiving the borrower's request: (1) correct the borrower's account and notify the borrower of such correction in writing; (2) investigate and provide the borrower a written explanation of the reasons for which the servicer believes the borrower's account is correct, or; (3) investigate and provide the borrower a written explanation of the reasons why the requested information is unavailable.  12 U.S.C. § 2605(e)(2).

Allegations stating that the plaintiff sent a written request to a servicer and did not receive a response from the servicer are sufficient to state a claim for a violation of RESPA.  *Ploog*, 209 F. Supp. 2d at 866, 868; *Chatman v. Fairbanks Capital Corp.*, No. 02-C665, 2002 WL 1338492, at *7 (N.D. Ill. June 18, 2002) (determining that a letter which identified that the plaintiffs disputed certain fees that were added to their account constituted a "qualified written request"

-7-

for the purpose of deciding the defendant's motion to dismiss).  In
*Ploog*, the plaintiff sued a lender for violating section 2605 of
RESPA.  209 F. Supp. 2d at 865.  The plaintiff alleged that she sent
multiple letters to her lender informing it that taxes were
incorrectly paid from her account and requesting that the error be
corrected.  *Id*. at 866.  The plaintiff further alleged that she never
received a written response to her requests.  *Id*.  Ultimately, the
court found that the plaintiff's allegations were sufficient to state
a claim for a violation of RESPA.  *Id*. at 868.

In the case at bar, Plaintiffs allege that they made a written
demand on Wells Fargo requesting that it cure the problem concerning
force-placed insurance charges that were added to their account.
(Compl. ¶ 25.)  Plaintiffs further allege that Wells Fargo has failed
to respond to their written demand. (Compl. ¶ 25.)   Similar
allegations were found to satisfy the pleading requirements in *Ploog*
and *Chatman*.  Given the notice pleading standard of the Federal Rules,
Plaintiffs' complaint does not fail merely because it does not contain
the phrase "qualified written request."  Plaintiffs allege that they
made a written demand on Wells Fargo to which they have not received
a response.  Taken in the light most favorable to Plaintiffs, these
allegations are sufficient to state a claim for a violation of section
2605 of RESPA.

Wells Fargo also argues that Plaintiffs have failed to state a
claim under section 2609 of RESPA.  The Seventh Circuit has expressly

-8-

held that there is no private right of action under section 2609. *Allison v. Liberty Savings*, 695 F.2d 1086, 1091 (7th Cir. 1982). As such, the Court agrees that Plaintiffs have failed to state a claim for violation of 12 U.S.C. § 2609. Nevertheless, to the extent Plaintiffs have alleged a violation of section 2605 of RESPA, Plaintiffs have stated a claim upon which relief may be granted. Therefore, Wells Fargo's motion to dismiss is **DENIED** as to Count I.


TILA Claim

Wells Fargo also argues that Plaintiffs have failed to state a claim under TILA in Count II. Congress enacted TILA to "assure a meaningful disclosure of credit terms" and "to protect the consumer against inaccurate and unfair credit billing . . . practices." 15 U.S.C. § 1601(a). Congress delegated to the Federal Reserve Board the power to implement and enforce TILA. 15 U.S.C. § 1604. Pursuant to this power, the Federal Reserve Board has promulgated specific disclosure requirements governing credit transactions under TILA in Regulation Z. 12 C.F.R. § 226.1. There are four sections of Regulation Z which discuss disclosure requirements with respect to mortgage loans. Sections 226.17 and 226.18 deal with general disclosures that must be made before consummation of a transaction, section 226.19 deals with disclosures required in certain residential mortgage and variable-rate transactions, and section 226.20 deals with post-consummation disclosures.

Section 226.17 requires a creditor to make certain disclosures described in section 226.18 before consummation of the transaction. 12 C.F.R. § 226.17(b). However, if such a disclosure becomes inaccurate because of an event that occurs after the disclosure is delivered, the inaccuracy is not a violation of Regulation Z unless a new disclosure is required. 12 C.F.R. § 226.17(e). New disclosures may be required under section 226.20 if certain events occur after consummation. *Rochon v. Citicorp Mortgage, Inc.*, No. 94-C3326, 1996 WL 167056, at *3 (N.D. Ill. April 5, 1996) (quoting Official Staff Commentary on Regulation Z, § 226.17(e)(1)). Section 226.20 requires subsequent disclosures in the event of a refinancing, an assumption, or a variable-rate adjustment. 12 C.F.R. § 226.20(a)-(c). In particular, a new disclosure providing a statement of the loan balance is required when there is an adjustment to the interest rate on a consumer's loan. 12 C.F.R. § 220.20(c)(4).

A new disclosure may also be required if the creditor causes events which create inaccuracies in prior disclosures. *See Travis v. Boulevard Bank N.A.*, 880 F. Supp. 1226, 1230 (N.D. Ill. 1995). In *Travis*, the plaintiff brought a TILA action against a defendant that had allegedly placed unauthorized insurance on the plaintiff's loan account. *Id.* at 1228. The defendant filed a 12(b)(6) motion arguing that it did not violate Regulation Z. After examining the Staff Commentary to Regulation Z, the *Travis* court stated that the protection provided for inaccuracies caused by subsequent events is

-10-

not to be afforded to the creditor when the creditor causes the events that result in the inaccuracies. *Id*. at 1230. The court determined that a creditor who force-placed unauthorized insurance onto a debtor's account was required to make a new disclosure pursuant to 12 C.F.R. § 226.18 and, therefore, denied the defendant's motion to dismiss. *Id*. at 1229-1230.

In their complaint, Plaintiffs allege that Wells Fargo violated section 226.20(c) of Regulation Z when it failed to accurately disclose the loan balance when making its variable-rate adjustment disclosures. In their response to Wells Fargo's motion to dismiss, Plaintiffs allege that Wells Fargo violated Section 226.20(c) of Regulation Z by failing to make the required disclosures when it increased their mortgage payment to recover the costs of the force-placed insurance. However, Plaintiffs have failed to explain how a new disclosure under section 226.20(c) was triggered. The only case cited by Plaintiffs, *Rochon*, merely assumed, without deciding, that a new TILA disclosure was triggered. According to the Adjustable Rate Rider, Plaintiffs' interest rate could not be changed until April 1, 2008. Moreover, Plaintiffs do not allege that a variable-rate adjustment on their mortgage was ever made. As such, Plaintiffs have seemingly failed to state a claim under section 226.20 of Regulation Z because a new disclosure under section 226.20(c) was never triggered.

Nevertheless, using the reasoning provided by the court in

-11-

*Travis*, Wells Fargo's actions in force-placing insurance on Plaintiffs' account may have triggered new disclosures under section 226.18 of Regulation Z. The *Travis* court stated that a new disclosure under section 226.18 was triggered by the addition of allegedly unauthorized insurance premiums to the plaintiff's account. The court then determined that the plaintiffs had stated a claim under TILA when they alleged that the defendant failed to make the disclosures required after it added allegedly unauthorized insurance premiums to the plaintiffs' account. Similarly, Plaintiffs have alleged that Wells Fargo did not make the required disclosures when it allegedly force-placed insurance on their account. As in *Travis*, Plaintiffs may be able to show that a new disclosure was triggered in this case under section 226.18. Consequently, although Plaintiffs may have failed to state a TILA claim under section 226.20 of Regulation Z, the Court finds that Plaintiffs have certainly stated a TILA claim under section 226.18 of Regulation Z. Because a plaintiff does not have to specify the correct legal theory to survive a motion to dismiss, Wells Fargo's motion to dismiss is **DENIED** with respect to Count II.

## Unfair and Deceptive Acts and Practices Claim

Wells Fargo contends that Plaintiffs have failed to state a claim of fraud in Count III. To state a fraud claim under UDAP statutes, such as the Illinois Consumer Fraud Act ("ICFA"), Plaintiffs must comply with Rule 9(b), which requires that Plaintiffs state with

-12-

particularity the circumstances constituting fraud. *Chatman*, 2002 WL 1338492, at *6. "Although the states of mind may be pleaded generally the 'circumstances' must be pleaded in detail. This means the who, what, when, where, and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, to state a claim for fraud under the ICFA Plaintiffs "must plead the time, place and content of the allegedly fraudulent misrepresentation, as well as the parties to that communication." *Chatman*, 2002 WL 1338492, at *6.

In *Chatman*, the plaintiffs alleged that their mortgage servicer violated the ICFA by fraudulently charging "property preservation" fees that were not authorized by the mortgage, for work that was not actually performed. *Id.* at *3. To determine whether the plaintiffs had sufficiently stated a claim for fraud, the court reviewed the plaintiffs' complaint under the heightened pleading standard of Rule 9(b). The court found that the plaintiffs had met the heightened pleading requirements by alleging that they had been improperly billed by the defendant for unauthorized fees and that this resulted in a misrepresentation in their mortgage account statements. *Id.* at *6. Therefore, the court denied the defendant's motion to dismiss.

In the case at bar, Plaintiffs have alleged that Wells Fargo charged them for unauthorized force-placed insurance, despite knowing that the condominium was already insured. (Compl. ¶¶ 18, 20.) Plaintiffs further allege that Wells Fargo increased their mortgage payment to recover the charges for the force-placed insurance and sent

a notice to Plaintiffs' residence demanding payment for the charges. (Compl. ¶¶ 20-21.)  In *Chatman*, the court determined that a complaint which stated similar facts was sufficient to meet the heightened pleading standard of Rule 9(b).  Likewise, Plaintiffs' allegations sufficiently meet the heightened pleading standard because they state the time, place and content of the allegedly fraudulent misrepresentation, as well as the parties to that communication. Therefore, Wells Fargo's motion to dismiss is **DENIED** as to Count III.


Breach of Contract Claim

Count IV asserts a claim for breach of contract.  To state a claim for breach of contract in Illinois, a plaintiff must allege the existence of a contract, plaintiff's performance of all contractual obligations, defendant's breach of that contract, and damages resulting from the breach. *Unterschuetz v. City of Chicago*, 803 N.E.2d 988, 991 (Ill. App. Ct. 2004); *See Blackmon-Mooring Steamatic Catastrophe, Inc v. County of Cook, Ill.*, No. 04-C3517, 2004 WL 1794936 (N.D. Ill. Aug. 5, 2004).

Wells Fargo argues that Plaintiffs have failed to state a claim for breach of contract because they have not specified the contracts and terms thereof that were breached.  This argument ignores the factual allegations of Plaintiffs' complaint.  Specifically, Plaintiffs allege that they executed a mortgage and Condominium Rider which established that the mortgage holder had no right to place fire

and hazard insurance on their condominium if the condominium was covered by the Owners Association policy. (Compl. ¶¶ 13-15.) Plaintiffs further allege that the Owners Association maintained complete fire and hazard insurance coverage on the building, that Wells Fargo was aware of such coverage, and that Plaintiffs were at all times in complete compliance with all terms and conditions of the mortgage and Condominium Rider. (Compl. ¶¶ 17, 18, 22.)  Plaintiffs assert that Wells Fargo breached the terms of the mortgage and Condominium Rider when it force-placed insurance coverage on their condominium unit. (Compl. ¶ 20.)  Finally, Plaintiffs contend that they were damaged by being charged for the force-placed insurance coverage. (Compl. ¶ 23.)

The allegations set forth in Plaintiffs' complaint clearly state a claim for breach of contract.  Plaintiffs have alleged the existence of a contract, fulfillment of all of their contractual obligations, breach by Wells Fargo, and subsequent damages.  Accordingly, Wells Fargo's motion to dismiss is **DENIED** with respect to Count IV.


<u>Intentional Misrepresentation Claim</u>

Wells Fargo argues that Plaintiffs have failed to state a claim for intentional misrepresentation in Count V of their complaint. Plaintiffs' state in their memorandum in opposition to Defendant's motion to dismiss that they have no objection to the dismissal of Count V.  As such, Count V is **DISMISSED.**

<u>Negligence Claim</u>

Wells Fargo argues that Plaintiffs have failed to state a claim for negligence in Count VI of their complaint.  Plaintiffs' state in their Memorandum in Opposition to Defendant's Motion to Dismiss that they have no objection to the dismissal of Count VI.  As such, Count VI is **DISMISSED.**

<u>Breach of Fiduciary Duty Claim</u>

In Count VII, Plaintiffs allege that Wells Fargo breached its fiduciary duties by charging excessive force-placed insurance premiums and finance charges to their escrow account.  Wells Fargo argues that Plaintiffs have failed to allege facts showing a fiduciary duty and, moreover, that Illinois law prohibits a mortgagor from asserting a fiduciary duty claim against a mortgagee.

A mortgagor-mortgagee relationship does not create a fiduciary relationship as a matter of law.  *Teachers Ins. & Annuity Ass'n. of Am. v. LaSalle Nat'l Bank*, 691 N.E.2d 881, 888 (Ill. App. Ct. 1998). However, it is possible that the circumstances surrounding a relationship will make it a fiduciary relationship even though the general class of mortgagor-mortgagee relationships is not.  *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992) (citing *Mid-America Nat'l Bank of Chicago v. First Sav. & Loan Ass'n of South Holland*, 515 N.E.2d 176, 180 (Ill. App. Ct. 1987)).  A party claiming the existence of a fiduciary duty where such a relationship does not

exist as a matter of law must prove the existence of the relationship by clear and convincing evidence. *Id*. (citing *Farmer City State Bank v. Guingrich*, 487 N.E.2d 758, 764 (Ill. App. Ct. 1985)). To survive a motion to dismiss an action in Illinois state court, a plaintiff is required to plead the special facts from which a fiduciary relationship arises. *Choi v. Chase Manhatten Mortgage Co.*, 63 F. Supp. 2d 874, 889 (N.D. Ill. 1999). Conversely, given the notice pleading standard mandated by the Federal Rules, a plaintiff in federal court must merely allege the existence of a fiduciary relationship, not the facts which prove it. *Id*.

Mismanagement of an escrow account may give rise to a claim for breach of fiduciary duty by a mortgagor against a mortgagee. *Id*. at 855. In *Choi*, the plaintiffs alleged that the defendants breached their fiduciary duty to the plaintiffs when they used funds from plaintiffs' escrow account to pay real estate taxes for a different account-holder. *Id*. at 878. In ruling on the defendants' 12(b)(6) motion, the court examined whether the plaintiffs had sufficiently pled the existence of a fiduciary duty, rather than whether the plaintiffs had proved that a fiduciary duty actually existed. *Id*. at 884-886. Plaintiffs claimed that defendants were obligated to use the funds from plaintiffs' escrow account to pay plaintiffs' real estate taxes and that defendants owed them a duty to use reasonable care in the performance of that obligation. *Id*. at 878, 883. The court determined that the plaintiffs had adequately pled the existence of

defendants' fiduciary duty to manage the escrow account with professional competence and due care. *Id*. at 885. As such, the court found that plaintiffs had stated a claim for breach of fiduciary duty and denied the 12(b)(6) motion as it pertained to the breach of fiduciary duty claim. *Id*. at 886.

In the case at bar, Plaintiffs allege that Wells Fargo assumed fiduciary duties with respect to the money it held or charged in escrow for Plaintiffs. (Compl. ¶ 83.) Plaintiffs claim that Wells Fargo breached its fiduciary duties by charging excessive force-placed insurance premiums and finance charges to Plaintiffs' escrow account. (Compl. ¶¶ 84-85.) Based on these factual allegations, it is reasonable to infer that Plaintiffs are claiming that Wells Fargo breached its fiduciary duties by mismanaging Plaintiffs' escrow account. Other courts have stated that mismanagement of an escrow account may give rise to a cause of action for a breach of fiduciary duty claim by a mortgagor against a mortgagee. As the court stated in *Choi*, Plaintiffs do not need to plead the special facts which give rise to a fiduciary relationship at this point in the case; all that is required is an allegation that a fiduciary relationship exists. By alleging facts from which it can be inferred that Wells Fargo mismanaged Plaintiffs' escrow account, Plaintiffs have sufficiently pled the existence of a fiduciary relationship. Therefore, Defendant's motion to dismiss is **DENIED** with respect to Count VII.

Breach of Duty of Good Faith Claim

Count VIII alleges that Wells Fargo breached its duty of good faith and fair dealing with respect to conduct encompassed by contractual relations. Every contract in Illinois includes an implied obligation to act in good faith. *Harrison v. Sears, Roebuck & Co.*, 546 N.E.2d 248, 256 (Ill. App. Ct. 1989), *appeal denied*, 548 N.E.2d 1068 (1990). However, this obligation does not provide a person with a separate, independent cause of action. *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 565 (7th Cir. 1991). Instead, the duty of good faith is used in interpreting other portions of the contract. *Id*. Wells Fargo argues that Plaintiffs have failed to state a claim in Count VIII because there is no independent cause of action for breach of the duty of good faith.

Courts have dismissed causes of action for breach of duty of good faith when they are not asserted within a breach of contract claim. *Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046 (N.D. Ill. 2001); *Nat'l Serv. Ass'n, Inc. v. Capital Bankers Life Ins. Co., Inc.*, 832 F. Supp. 227 (N.D. Ill. 1993). In *Capital Bankers*, the plaintiff asserted claims for breach of contract and breach of duty of good faith in separate counts. 832 F. Supp. at 231-232. In ruling on the defendant's 12(b)(6) motion, the court determined that the claims for breach of duty of good faith should be asserted together with other allegations of breach of contract. *Id.* at 232. The court, therefore, dismissed the counts which alleged breach of duty of good faith. The

-19-

Seventh Circuit has approved of such dismissals. *Zeidler v. A&W Restaurants, Inc.*, 301 F.3d 572, 575 (7th Cir. 2002).

In this case, Plaintiffs have alleged independent causes of action for breach of contract and breach of the duty of good faith. However, as previously stated, the duty of good faith that is implied in Plaintiffs' contracts with Wells Fargo does not provide Plaintiff with an independent cause of action. Count VIII of Plaintiffs' complaint in the case at bar is **DISMISSED** because it asserts a claim for breach of the duty of good faith that is independent of their breach of contract claim.

<u>Unjust Enrichment Claim</u>

Wells Fargo contends that Plaintiffs' unjust enrichment claim in Count IX should be dismissed because a contract between the parties exists. The Supreme Court of Illinois has held that "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977). However, this holding does not prohibit a plaintiff from pleading the two theories in the alternative, pursuant to Rule 8(e)(2). *Purizer Corp. v. Battelle Mem'l Inst.*, No. 01-C6360, 2002 WL 22014, at *5 (N.D. Ill. Jan. 7, 2002). Plaintiffs argue that their breach of contract and unjust enrichment claims are alternative theories that are permitted by Rule 8. This Court agrees. *Thorpe v. Levenfeld*, No.04 C 3040,

2005 WL 2420373 at *6 (N.D. Ill. Sept. 29, 2005).

Declaratory and Injunctive Relief Claim

Count X of Plaintiffs' complaint alleges a claim for declaratory and injunctive relief.  Wells Fargo argues that declaratory and injunctive relief are remedies, rather than independent causes of action, and should be dismissed because the substantive claims upon which they stand are deficient.  However, in the foregoing paragraphs the Court has determined that Plaintiffs have stated substantive claims sufficient to survive Wells Fargo's motion to dismiss.  Consequently, there are substantive claims for which declaratory and injunctive relief may be appropriate.  *Contra Morris v. Mfr. Life Ins. Co.*, No. EV 95-142CH/H, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997); *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995).  Therefore, Wells Fargo's motion to dismiss Count X is **DENIED.**

Motion for More Definite Statement

Wells Fargo has also moved, in the alternative, for a more definite statement of each of Plaintiffs' allegations.  Under Rule 12(e), when a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, courts can order a more definite statement.  *Bowers v. Crystal Valley, R.V.*, No. 95-C7527, 1996 WL 169415, at *1 (N.D. Ill. 1996).  However, Rule 12(e) motions are generally disfavored and are not intended to substitute

for discovery.  *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).  Under Rule 12(e), the standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading.  *McDougal v. Donovan*, 552 F. Supp. 1206, 1208 (N.D. Ill. 1982).  "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (1990).

Wells Fargo argues that the Court should order Plaintiffs to file a more definite statement for each count in the complaint.  However, Wells Fargo cites to no authority in support of its argument that it is entitled to a more definite statement.  Wells Fargo merely states that each count is vague or insufficiently detailed to enable Wells Fargo to respond.  Without any support for their request for a more definite statement, Wells Fargo's argument is unpersuasive.  Plaintiffs' complaint sets forth a list of counts that all have to do with Wells Fargo's allegedly unauthorized placement of insurance coverage on Plaintiffs' condominium unit.  Each count incorporates

this allegation and is sufficiently detailed to warrant a response. Accordingly, Wells Fargo's motion for a more definite statement is **DENIED**.

Motion to Strike Pursuant to Rule 12(f)

Wells Fargo argues that Plaintiffs' class action allegations should be stricken from the complaint because they are vague, confusing, and fail to give Wells Fargo the fair notice mandated by the Federal Rules.  Wells Fargo further argues that some of the "common questions of law and fact," in particular the paragraphs referring to collection notices and collection practices, are irrelevant because the complaint includes no other allegations concerning collection notices and collection practices.  Finally, Wells Fargo argues that Plaintiffs' class action allegations "(1) fail to coherently apprise Wells Fargo of the class plaintiffs [sic] seek to represent and (2) do not establish that plaintiffs themselves are properly members of such a putative class."

Rule 12(f) permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  However, Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of part of the complaint. *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F. Supp. 497, 504 (C.D. Ill. 1982).  As motions to strike are looked upon with disfavor, "a court ordinarily will not strike a matter unless the court can confidently

-23-

conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990). In moving to strike matters as irrelevant, a defendant must clearly show that the matter is outside the issues in the case and is prejudicial. *Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). Merely characterizing a statement as vague provides no basis for striking the statement under Rule 12(f). *McKay v. Town & Country Cadillac, Inc.*, No. 97-C2102, 2002 WL 1285065, at *10 (N.D. Ill. June 7, 2002).

In this case, Plaintiffs' complaint states facts sufficient to reveal that Plaintiffs are members of a discrete class of persons who have allegedly been harmed by a particular practice conducted by Wells Fargo. Plaintiffs allege that they were harmed when Wells Fargo force-placed unauthorized insurance coverage on their condominium. (Compl. ¶¶ 20-25). Plaintiffs allege that they are bringing this action on behalf of all persons who have loans serviced by Wells Fargo and who have been affected by the alleged practice of force placing insurance coverage on loans by Wells Fargo. (Compl. ¶ 26.)

Wells Fargo does not argue that Plaintiffs have failed to meet any of the four prerequisites for filing a class action set forth in Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Instead, Wells Fargo attacks the class action

-24-

allegations as being vague, confusing, and irrelevant. However, as the court explained in *McKay*, the fact that allegations are vague or confusing does not provide a basis for striking the allegations pursuant to Rule 12(f). Thus, the only valid basis set forth by Wells Fargo under which this Court may strike Plaintiffs' class action allegations is that certain allegations are irrelevant.

Wells Fargo argues that certain allegations concerning debt collection practices in paragraph 30 of the Complaint are wholly irrelevant. However, Wells Fargo has failed to show that the allegations contained in paragraph 30 refer to matter that is clearly outside the issues in this case. At a minimum, the means by which Wells Fargo attempted to collect the allegedly unauthorized force-placed insurance premiums are relevant to Plaintiffs' intentional misrepresentation claim. Because the allegations are relevant to the subject matter of the litigation, the Court will not strike them from the complaint. Wells Fargo's motion to strike is **DENIED**.


CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**. To the extent that Defendant seeks to dismiss Counts V, VI, and VIII, Defendant's motion is **GRANTED**. With respect to all other counts, Defendant's motion is **DENIED**. Defendant's Motion for a More Definite Statement is **DENIED**.

Defendant's Motion to Strike is **DENIED**.   The Clerk is **ORDERED** to **DISMISS** Counts V, VI, and VIII of Plaintiffs' complaint.


**DATED:  March 16, 2006**                    **/s/RUDY LOZANO, Judge**
                                              **United States District Court**